FREEMAN & FREEMAN, Appellant, v.

ROBERT

---

(March 14, 1927.  Opinion and Decree.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Appeal—Par. 625.**

The finding of the trial court on matters of fact, being clearly correct, is affirmed.

Appeal from First City Court, Section "A". Hon. W. Alexander Bahns, Judge.

Action by Freeman & Freeman against Hillary B. Robert.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Weirs, Yarrut & Stich, of New Orleans, attorneys for plaintiff, appellant.

Louis C. Guidry and Dart & Dart, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J.    Plaintiff, a firm of real estate agents, sues defendant, its former employee, for an overdraft in the sum of $158.50.  Defendant admits the overdraft, but claims it is due to the failure of plaintiff to credit his account with a commission due him on a certain sale in the sum of $295.00.  He reconvenes, claiming the difference in his favor.

There was judgment for plaintiff as prayed for and for defendant on the reconventional demand in the sum asked, resulting in a net judgment for defendant in the sum of $100.50.  Plaintiff has appealed.

The only question before us is whether defendant's reconventional demand should be allowed.  Defendant was a salesman in plaintiff's office.  The disputed commission, which is the basis of the reconventional demand, is based upon the sale of certain property belonging to a party by the name of Lekow, and listed with plaintiff's agency for sale.  Pardo, another salesman employed by plaintiff, also claimed the commission, and, plaintiff decided in Pardo's favor, paying him the commission.  The act of sale of the property runs from Lekow to Perkonski.  Perkonski is Pardo's customer, and Pardo's claim rests upon that fact.  The record, however, shows that H. S. Verlander, a customer of Roberts, the defendant, was the first purchaser, that is to say, Verlander agreed to buy the property, put up the deposit of 10 per cent required, and signed the customary agreement to buy and sell.

Before the act of sale was passed Verlander agreed with Perkonski to sell him the property for a profit of $500.00.  The act of sale was accordingly made direct to Perkonski who borrowed some money from a homestead on first mortgage and from Verlander $3000.00, giving him a note secured by second mortgage on the property for $3500.00.

Verlander testifies that Roberts, alone, sold him the property.  Perkonski gives

credit to Pardo and claims that Verlander only financed the deal. But he does not deny that Verlander made the deposit, signed the agreement of sale, and made a profit of $500.00 on the transaction.

The trial judge resolved the conflicting testimony in defendant's favor and we can not say he manifestly erred.

The judgment appealed from is affirmed.